# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DICKSON INDUSTRIAL, INC., d/b/a GENERAL REFRIGERATION, | : : : | Case No. 1:20-cv-412 |
| Plaintiff, | : : : | Judge Timothy S. Black |
| vs. | : : | |
| RONALD COLLINS, *et al.*, | : : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 9)

This civil action is before the Court upon Plaintiff's motion to remand (Doc. 9) and the parties' responsive memoranda. (Docs. 13, 14).

## I. PROCEDURAL BACKGROUND

Plaintiff Dickson Industrial, Inc., d/b/a General Refrigeration ("Plaintiff" or "General"), a corporation with its principal place of business in Ohio, filed the initial complaint against Defendant Ronald Collins, a resident of Kentucky, on April 29, 2020 in the Lawrence County Court of Common Pleas (the "Initial Complaint"). (Doc. 4 ¶¶ 1–2). Contemporaneously, Plaintiff filed motions for preliminary injunction (Doc. 5) and a temporary restraining order ("TRO"). (Doc. 6).

On May 22, 2020, Defendant Collins removed this action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. 1 at 2). Collins filed his Answer to the Initial Complaint on May 29, 2020. (Doc. 7).

On June 4, 2020, this case came before the Court pursuant to S.D. Ohio Civ. R.

65.1 for an informal conference by telephone regarding Plaintiff's motions for preliminary injunction (Doc. 5) and TRO (Doc. 6). Daniel Yon and David Amsbary appeared on behalf of Plaintiff; Toby Schisler and Abby Chermely appeared on behalf of Defendant. (*See* June 4, 2020 Minute Entry and Notation Order). The parties notified the Court that they had reached a temporary agreement on Plaintiff's motion for TRO (the "Agreed Order). The Court entered the Agreed Order on June 8, 2020. (Doc. 11).

During the telephone conference, Plaintiff informed the Court that it intended to file an amended complaint adding DeBra-Kuempel, Inc. ("DeBra-Kuempel") as a defendant. DeBra-Kuempel is an Ohio corporation and Defendant Collins' current employer. (Doc. 10 at ¶¶ 3, 17). Plaintiff also notified the Court that, after adding DeBra-Kuempel as a Defendant, it intended to file a motion to remand to state court. The Court set an expedited briefing schedule on the motion. (*See* June 4, 2020 Minute Entry and Notation Order).

Plaintiff filed the motion to remand (Doc. 9) and the first amended complaint (the "Amended Complaint") (Doc. 10) on June 5 and 8, 2020, respectively. The motion to remand is now ripe for review.

## II.   FACTS AS ALLEGED BY PLAINTIFF

In August 2003, Defendant Collins began working for General, a company providing commercial refrigeration and heating and air conditioning equipment sales, installation, and services. (Doc. 10 at ¶¶ 1, 11). Collins worked for General as a Refrigeration Service Technician and Assistant Service Manager. During his time with General, Collins received specialized training, engaged directly with clients, and was

privy to proprietary information related to General's business, including "products; vendors; operations; the identity of Plaintiff's clients, and the terms of their respective contractual service agreements; and, the identity of Plaintiff's competitors." (*Id.* at ¶¶ 11–13).

At the beginning of Collins' employment with General, Plaintiff and Collins entered into an employment agreement (the "Employment Agreement"). If Collins became separated from employment with Plaintiff, the Employment Agreement required that Plaintiff refrain from engaging

> [D]irectly or indirectly in the heating, air conditioning and refrigeration sales, installation and/or service business either individually or with any business that the Company has transacted business or has competed with during the term of his/her employment . . . with a radius of 200 miles of Company's principal office in South Point, OH.

(*Id.* at ¶ 15).

On September 27, 2019, Collins voluntarily stopped working for General. (*Id.* at ¶ 16). Subsequently, Collins began working for DeBra-Kuempel, a direct competitor of General. (*Id.* at ¶ 17). Plaintiff contends that Collins, while employed for DeBra-Kuempel, is soliciting General's clients in violation of the Employment Agreement to benefit DeBra-Kuempel. (*Id.* at ¶¶ 18–21). Plaintiff alleges that DeBra-Kuempel is acting in concert with Collins and abusing Plaintiff's proprietary information. (*Id.* at ¶ 22). Plaintiff contends that as a result of the Defendants conduct, it has lost significant business relationships, customer service contracts and installations, and has experienced a loss of revenue. (*Id.* at ¶ 23).

In the Initial Complaint, Plaintiff only brought claims against Defendant Collins

for a preliminary injunction (Count I), breach of contract (Count II), tortious interference with business relationships (Count III), and tortious interference with contractual relationships (Count IV). (Doc. 4 at ¶¶ 21–41). However, the Amended Complaint also brings claims against DeBra-Kuempel for tortious interference with business relationships (Count III) and tortious interference with contractual relationships (Count IV). (Doc. 10 at ¶¶ 36–47).

Plaintiff now seeks to remand because it argues that the joinder of DeBra-Kuempel destroys diversity jurisdiction because General and DeBra-Kuempel both have their primary places of business in Ohio.

### III.    STANDARD OF REVIEW

On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between ... citizens of different states." 28 U.S.C § 1332(a)(1). If a case initially brought in state court satisfies the requirements of § 1332(a)(1), a defendant may remove that case to federal court. 28 U.S.C. § 1441(a).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e).

"Because removing a case to federal court interferes with state court jurisdiction, federal courts must narrowly construe the removal statute." *Superior Fibers LLC v.*

4

*Shaffer*, 2016 WL 7469623, at *3 (S.D. Ohio Dec. 28, 2016) (citing *Conrad v. McDonald's Corp.,* No. 15-cv-3127, 2016 WL 1638889, at *3 (S.D. Ohio 2016)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

## IV. ANALYSIS

The parties do not dispute that complete diversity existed when Defendant Collins removed this civil action to this Court. The parties also do not dispute that Plaintiff filed the Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(B). Finally, the parties do not dispute that, if DeBra-Kuempel is joined as a Defendant, this Court will no longer have subject matter jurisdiction.

Instead, the parties dispute whether Plaintiff engaged in gamesmanship by joining DeBra-Kuempel as a defendant in order to destroy diversity jurisdiction.

It is in the Court's discretion to permit or deny joinder of additional defendants whose joinder would destroy subject matter jurisdiction. *See* 28 U.S.C. § 1447(e). "A district court may base its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend [was] denied, and (4) any other equitable factors.'" *Telecommunications Decision Makers, Inc. v. Access Integrated Networks, Inc*., 654 F. App'x 218, 221 (6th Cir. 2016). "The four-factor test is intended to aid courts in determining when a motion to amend is made for an improper purpose." *Shuman v. Home Depot, U.S.A., Inc*., No. 19-CV-2170, 2020 WL

5

467676, at *2 (N.D. Ohio Jan. 29, 2020) (citing *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 824 (N.D. Ohio 2008). "As such, courts pay particular attention to factor one—whether the amendment is *intended* to destroy federal jurisdiction." *Id.* (emphasis in original).

Here, the four factor test weighs in favor of permitting joinder of DeBra-Kuempel.

On the first factor, Defendant Collins points to a number of issues that indicate Plaintiff's decision to join DeBra-Kuempel was intended to destroy diversity jurisdiction. In particular, Defendant Collins emphasizes that—as DeBra-Kuempel was identified in the Initial Complaint—there is no excuse why DeBra-Kuempel was excluded as a defendant in the Initial Complaint. (Doc. 13 at 4–5).

The Court is persuaded that Plaintiff was <u>at a minimum</u> partially motivated to join DeBra-Kuempel as a defendant in order to destroy federal diversity jurisdiction. However, the Court is also convinced that DeBra-Kuempel, which Plaintiff alleges was acting in concert with Defendant Collins in tortiously interfering with Plaintiff's business relationships and contracts, is a real party in interest. "A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined." *Rose v. Giamatti,* 721 F. Supp. 906, 914 (S.D. Ohio 1989) (citation omitted). Here, Plaintiff cannot obtain complete relief unless DeBra-Kuempel is joined as a defendant. Therefore DeBra-Kuempel is a real party in interest. When a "nondiverse party is a real party in interest, it is immaterial that [its] joinder was motivated by a desire to defeat jurisdiction." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994) (citing 14 Wright et al., *supra,* § 3641); *see also Leesemann v.*

6

*Lowe's Home Centers, Inc.*, 2013 WL 4518745, at *5 (S.D. Ohio Aug. 26, 2013) ("[A]ny motive to destroy diversity jurisdiction by joining [proposed defendant] as a Defendant is insignificant given his status as a real party in interest.")

Therefore, because the Court finds that the Plaintiff seeks to join DeBra-Kuempel because it is a real party in interest, and not to solely to destroy diversity jurisdiction, the Court finds that the first (and most important) factor weighs in favor of Plaintiff.

On the second factor, Defendant argues that Plaintiff was dilatory in joining DeBra-Kuempel because Plaintiff has known since at least January 2020 that Defendant Collins was employed by DeBra-Kuempel. Indeed, on January 5, 2020, Plaintiff sent a cease and desist letter to Defendant Collins and DeBra-Kuempel—almost 4 months before filing the Initial Complaint—threatening legal action. (Doc. 13 at 2, 5). Defendant argues that Plaintiff's delay in filing the Amended Complaint warrants denying joinder.

Yet Plaintiff emphasizes that it filed the Amended Complaint only 10 days after Defendant Collins filed his answer to the Initial Complaint—well within the time period to file an amended complaint as a matter of right pursuant to Rule 15(a)(1)(B). Plaintiff additionally states that it filed the Amended Complaint when it did because it learned that DeBra-Kuempel's role in soliciting General's clients was larger than Plaintiff previously understood. (Doc. 14 at 1-2).

Again, the Court is not entirely persuaded by Plaintiff's explanation for its delay in joining DeBra-Kuempel, but Plaintiff did file its Amended Complaint within the time period required by Rule 15(a)(1)(B), which the Court finds reasonable. For this reason,

the Court finds that Plaintiff was not prejudicially dilatory in joining DeBra-Kuempel, and the second factor weighs in Plaintiff's favor.

On the third factor, Plaintiff argues that it will be significantly injured if DeBra-Kuempel is not joined because it will not be afforded complete relief. (Doc. 14 at 7). Defendant Collins contends that Plaintiff could bring a separate action against DeBra-Kuempel in state court. Collins emphasizes that even though Plaintiff would be burdened by multiple litigations, that could have been avoided had Plaintiff just added DeBra-Kuempel in the Initial Complaint. (Doc. 13 at 8). Nevertheless, because denying joinder would require Plaintiff to proceed without a necessary party or litigate the same case in multiple fora, the third factor weighs slightly in Plaintiff's favor.

On the fourth factor, the Court appreciates that Defendant Collins has an interest in a federal forum and remand may go against his interests. *See Ward v. N. Pointe Ins. Co.*, No. 2:12-CV-478, 2013 WL 1315970, at *3 (S.D. Ohio Mar. 29, 2013) (noting that a diverse defendant has an "interest in selecting a federal forum"). However, a district court in the Sixth Circuit recently noted that joining a defendant in the early stages of litigation while discovery is ongoing weighed in favor of permitting joinder. *Shuman*, 2020 WL 467676, at *2. In this matter, discovery has not even commenced. The fourth factor does not weigh strongly in Plaintiff's or Defendant Collins' favor.

The four factors weigh in favor of joining DeBra-Kuempel as a defendant. While the Court finds that Plaintiff clearly has engaged in some gamesmanship, joinder is still warranted. Therefore, in the Court's discretion and pursuant to the § 1447(e), the joinder of DeBra-Kuempel as a defendant is permitted. Because Plaintiff and DeBra-Kuempel

8

both have their primary place of business in Ohio, complete diversity no longer exists, and this Court lacks subject-matter jurisdiction. Accordingly, Plaintiff's motion to remand (Doc. 9) is well taken.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 9) is **GRANTED**. This case is **REMANDED** to the state court from which it was removed. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 7/10/2020

*s/Timothy S. Black*
Timothy S. Black
United States District Judge